## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

    Plaintiff,

    v.

SEA CAT BOATS, LLC,

    Defendant.

CIVIL ACTION NO. _____

---

## **NOTICE OF REMOVAL**

NOW INTO COURT, by undersigned counsel, comes defendant, Sea Cat Boats, LLC ("Sea Cat"), and respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1367.

## **Underlying Case**

1. Plaintiff, Progressive Express Insurance Company ("Progressive") commenced this action as alleged subrogee of Jefferson Aanestad on April 13, 2022 by filing a Complaint ("the Complaint") in Case No. 2022 CA 000710 in the Circuit Court in and for Escambia County, Florida.

2. Progressive seeks to assert causes of action that include a purported claim under the Magnuson-Moss Warranty Act ("the Act"), 15 U.S.C. § 2301 *et seq.* (Complaint, ¶¶ 34-54).

3. A true and correct copy of the Complaint is included as part of **Exhibit "A"** to this Notice of Removal.

## Basis for Removal

4. Progressive seeks to recover $188,076.80, exclusive of attorneys' fees and costs, for its purported breach of warranty claims against Sea Cat (Complaint, ¶ 54).

5. Because Progressive's purported breach of warranty claims under state law are an essential predicate for any purported claim under the Act, the $188,076.80 in alleged damages for purported breach of warranty satisfies the $50,000.00 amount in controversy requirement pursuant to 15 U.S.C. § 2130(d).

6. This Court therefore has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 2310 and the action may properly be removed to this Court pursuant to 28 U.S.C. § 1441(a).

7. The Court has jurisdiction of Progressive's purported claims under state law pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this Court as the District Court for the district in which the action is pending in state court.

## Removal Procedure

9. Progressive served Sea Cat in the underlying case on April 20, 2022 and this Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of receipt of the Complaint by Sea Cat's agent for service of process.

10. The consent of other defendants is not required pursuant to 28 U.S.C. § 1446(b) because Sea Cat is the sole defendant in the action.

11. With this Notice of Removal, Sea Cat is filing a copy of all process, pleadings, and orders served upon Sea Cat in the state court, pursuant to 28 U.S.C. § 1446(a) and (d) (*see* **Exhibit "A"**).

12. Further, Sea Cat is providing notice to all adverse parties and a copy of this Notice is being filed with the Clerk of Court for the Circuit Court in and for Escambia County, Florida.

13. Sea Cat accordingly provides notice of removal of this action to this Court and requests that, after due proceedings had, the Court grant judgment against Progressive and in Sea Cat's favor, dismissing with prejudice any and all purported claims by Progressive and awarding Sea Cat

all legal and equitable relief to which it may be entitled, as well as costs and all attorneys' fees to which Sea Cat may be entitled.

                Respectfully submitted,

_____
STEPHEN T. PERKINS (FL Bar #0873284)
SIDNEY W. DEGAN, III (La. Bar #04804)*
KEITH A. KORNMAN (La. Bar #23169)*
DEGAN, BLANCHARD & NASH
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
(504) 529-3333
P/E:sperkins@degan.com
P/E:sdegan@degan.com
P/E:kkornman@degan.com

/s/ Michael J. Schofield
MICHAEL J. SCHOFIELD (FL Bar #373656)
CLARK PARTINGTON ATTORNEYS AT LAW
125 East Intendencia Street
Pensacola, Florida 32502
(850) 434-9200
P/E: mschofield@clarkpartington.com
S/E: ttorrez@clarkpartington.com
S/E: ahallecy@clarkpartington.com

*Attorneys for Defendant, Sea Cat Boats, LLC*

\*    Motion for admission *pro hac vice* will be filed as soon as practicable.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 16, 2022, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, and if the CM/ECF system does not automatically effect service as expected, a copy will be served by email on Joseph C. Proulx, Esquire, Golden Scaz Gagain PLLC, 1135 Marbella Plaza Drive, Tampa, Florida 33619, jproulx@gsgfirm.com.

*/s/ Michael J. Schofield*
MICHAEL J. SCHOFIELD

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR ESCAMBIA COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.:

PROGRESSIVE EXPRESS INSURANCE COMPANY
as subrogee of JEFFERSON AANESTAD,

    Plaintiff,

v.

SEA CAT BOATS, LLC,

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff PROGRESSIVE EXPRESS INSURANCE COMPANY as subrogee of JEFFERSON AANESTAD, by and through its undersigned counsel, and hereby sues Defendant SEA CAT BOATS, LLC and states as follows:

## PARTIES

1.    At all times relevant, PROGRESSIVE EXPRESS INSURANCE COMPANY ("Progressive") was and is an Ohio corporation with its principal place of business located at 6300 Wilson Mills Road, Mayfield Village, Ohio, and was duly authorized to conduct business in the State of Florida, Escambia County, as an insurance company.

2.    At all times relevant, Defendant SEA CAT BOATS, LLC ("SEA CAT" and/or "Manufacturer") was and is a Limited Liability Company incorporated in Mississippi with a principal office located at 14373 Creosote Road, Building B, Gulfport, MS 39503. At all times relevant, SEA CAT was engaged in the business of designing, manufacturing, distributing, and selling watercraft, boats, and vessels, including but not limited to, the 2021 Sea Cat 26' Hybrid boat and distributed and/or sold its products throughout the United States. Manufacturer is also

**EXHIBIT A**

in the business of marketing, supplying, and selling written warranties to the public at large through a system of authorized dealerships. Upon information and belief, Manufacturer does business in all counties of the State of Florida including Escambia County.

3. At all times relevant, Subrogor JEFFERSON AANESTAD ("AANESTAD" and/or "Subrogor") owned a 2021 Sea Cat 26' Hybrid boat with HIN # SCV26029G021 (the "Boat").

4. At all times relevant, Progressive provided a policy of insurance to AANESTAD which provided coverage for damage to the Boat as a result of, among other things, the Boat sinking.

## JURISDICTION AND VENUE

5. This is an action for damages that exceeds $30,000.00, exclusive of interests, costs, and attorney's fees.

6. The subject incident giving rise to this action occurred in Pensacola, Escambia County, Florida.

## FACTUAL ALLEGATIONS

7. In or around 2021, AANESTAD purchased the Boat which was manufactured, designed, assembled, tested, inspected, marketed, and distributed by Manufacturer.

8. Upon information and belief, the price of the Boat, including all collateral charges including registration charges, document fees, sales tax, bank charges and finance charges, totaled approximately $170,000.00.

9. Plaintiff avers that, as a result of the ineffective repair attempts made by Manufacturer directly and/or through its authorized agent, the Boat cannot be utilized for personal, family and/or household use as intended by AANESTAD at the time of acquisition.

2

**EXHIBIT A**

10. Manufacturer engaged in an aggressive advertising and marketing campaign in order to induce AANESTAD and other consumers to purchase its vessels from a dealership that was authorized by Manufacturer to sell its vessels and, upon information and belief, issue its written warranties to consumers.

11. Manufacturer was in direct privity with AANESTAD based upon its role in the sale, distribution, and repair of the subject vessel through its authorized sales and servicing agents including Servicer.

12. In consideration for the purchase of the Boat, upon information and belief, Manufacturer issued and supplied to AANESTAD its written warranty, which included a hull warranty.

13. Both prior to and after the loss, AANESTAD complied with his obligations pursuant to the terms of the SEA CAT written warranty.

14. Based on the issuance of its written warranty and its contacts with AANESTAD as detailed above, Manufacturer was in contractual privity with AANESTAD.

15. AANESTAD took possession of the Boat and later experienced defects that substantially impaired the use, value, and/or safety of the Boat.

16. In or around August of 2021, AANESTAD took the Boat for warranty repairs to SEA CAT and/or its authorized agent, including work on the pumps, fiberglass work on the front seat area, replacing a solar transducer, and a ceramic coating on the entire boat.

17. In or around November of 2021, SEA CAT and/or its authorized agent returned the Boat to AANESTAD representing that the repairs were complete and the Boat was sea worthy.

18. Shortly after AANESTAD began using the Boat after the repairs, the Boat sank.

**EXHIBIT A**

19. The sinking of the Boat caused extensive damage to the Boat and was deemed a total loss.

20. Subsequent investigation revealed the Boat sank due to defective construction and design and/or negligent repairs evidence of which includes, but is not limited to:

   a. The port aft hull to deck joint was incorrectly fastened to the vessel.

   b. The port and starboard topside's outer skin would fluctuate and shake when sounded with the phenolic hammers.

   c. Separation of the hull to deck joint was sighted 4'5" aft of the stern.

   d. Numerous transverse parallel linear with tributary cracking stress cracks were visible in the gel-coat at the port aft corner of the vessel.

   e. Replacement transducer was improper.

21. Any additional defects in the Boat would be reflected in any repair documents generated by SEA CAT's authorized dealer network and in SEA CAT's internal repair records for the Boat.

22. Other than the above referenced defects, the Boat was in proper, working condition.

23. AANESTAD provided Manufacturer, directly and/or through its authorized dealership network, sufficient opportunities to repair the Boat.

24. In fact, SEA CAT and/or its representatives/agents had possession, custody and control of the Boat for repairs for almost three (3) months prior to the loss then also attended a joint inspection of the Boat on or about December 13, 2021.

25. Manufacturer was unable and/or failed to adequately repair the defects in AANESTAD's Boat as provided in Manufacturer's warranty.

26. The limited repair or replacement remedy contained with Manufacturer's

**EXHIBIT A**

warranty failed of its essential purpose pursuant to F.S.A. § 672.719(2) due to Manufacturer's failure to repair the Boat within a reasonable time.

27. Manufacturer was provided notice of the subject loss and claim prior to the filing of this lawsuit and was unable and/or failed to adequately repair the defects in the Boat as provided in Manufacturer's warranty after being afforded a reasonable opportunity to cure pursuant to 15 U.S.C. § 2310(e).

28. Said defects could not have reasonably been discovered by AANESTAD prior to AANESTAD's acceptance of the subject vessel.

29. AANESTAD justifiably lost confidence in the Boat's safety and/or reliability and said defects have substantially impaired the value of the Boat to AANESTAD as it was deemed a total loss.

30. Pursuant to his policy of insurance, AANESTAD submitted a claim to Progressive seeking indemnification and reimbursement for damages and additional expenses sustained as a result of the aforementioned damage.

31. As a result of the above referenced incident, Progressive, in accordance with AANESTAD's insurance policy, became obligated to pay and has since paid to or on behalf of AANESTAD $188,076.80 and, by virtue of said payment, Progressive is subrogated to the rights of AANESTAD in the amount of $188,076.80.

32. In consideration of the aforementioned payment by Progressive to AANESTAD, the terms of its insurance policy, and by operation of Florida law, Progressive has become an actual, bona fide subrogee of AANESTAD, and has become subrogated to all of the rights and claims that AANESTAD may have against any person or entity that may be liable for causing the damage to the Boat.

**EXHIBIT A**

33. All conditions precedent to the maintenance of this action either have occurred, have been satisfied, or have been waived.

## COUNT I - BREACH OF WRITTEN WARRANTY PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

34. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-33 of this Complaint.

35. AANESTAD is a purchaser of a consumer product who received the Boat during the duration of a written warranty period applicable to the Boat and who is entitled by the terms of the written warranty to enforce against Manufacturer the obligations of said warranty.

36. Manufacturer is a person/entity engaged in the business of making a consumer product directly available to Subrogor.

37. Servicer is an authorized agent of Manufacturer designated to perform repairs on vessels under Manufacturer's warranties.

38. The Magnuson-Moss Warranty Act, Chapter 15 U.S.C.A., Section 2301, *et. seq.* ("Warranty Act") is applicable to this Complaint in that the Boat was manufactured, sold and purchased after July 4, 1975, and costs in excess of ten dollars ($10.00).

39. Upon information and belief, the Subrogor's purchase of the Boat was accompanied by a written factory warranty for any defects in material or workmanship, comprising an undertaking in writing in connection with the purchase of the Boat to repair or replace defective parts, or take other remedial action free of charge to Subrogor with respect to the Boat in the event that the Boat failed to meet the specifications set forth in Manufacturer's warranty.

40. Manufacturer's warranty was the basis of the bargain of the contract between the Subrogor and Manufacturer for the sale of the Boat to Subrogor.

**EXHIBIT A**

41. Said purchase of the Boat was induced by, and Subrogor relied upon, Manufacturer's written warranty.

42. Subrogor has met all of his obligations and preconditions as provided in the Manufacturer's written warranty.

43. The Manufacturer breached its written warranty when it failed to repair or replace the defective vessel, or take other remedial action free of charge to Subrogor with respect to the subject vessel, when the subject vessel failed to meet the specifications set forth in Manufacturer's warranty and sank.

44. As a direct and proximate result of Manufacturer's failure to comply with its written warranty, Plaintiff has suffered damages and, in accordance with 15 U.S.C. § 2310(d)(1), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

45. Upon successfully prevailing under the Magnuson-Moss Warranty Act, Plaintiff is entitled to all of its attorneys' fees and the demand is hereby made against the Manufacturer.

## COUNT II – BREACH OF WARRANTY

46. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-33 of this Complaint.

47. At the time of purchase of the Boat, Manufacturer issued and supplied to AANESTAD its written warranty.

48. AANESTAD has met all of his obligations and preconditions as provided in the Manufacturer's written warranty.

49. The Manufacturer breached its written warranty when it failed to repair or replace the defective vessel, or take other remedial action free of charge to Subrogor with respect to the subject vessel, when the Boat sank due to defective construction and design, specifically, a

**EXHIBIT A**

defect in the hull which caused it to take on water.

50. The subject defect existed in the Boat at the time of sale to AANESTAD, notice of the defect was provided to Manufacturer within a reasonable time after the defect was discovered, and Manufacturer was unable to repair the defect.

51. As a direct and proximate cause of Manufacturer's breach of warranty, AANESTAD was damaged when the Boat sank causing damages for which AANESTAD was liable.

52. As a result of the damage, Progressive ultimately bore costs of the damage to the Boat, pursuant to AANESTAD's Policy of Insurance with Progressive.

53. The insurance coverage provided by Progressive was in effect at the time of the damage.

54. As a result, Progressive has made payments to and on behalf of AANESTAD totaling $188,076.80.

## COUNT III – EQUITABLE SUBROGATION

55. Plaintiff re-alleges and incorporates by reference the above paragraphs as though fully set forth herein.

56. Progressive has made payments to and on behalf of AANESTAD totaling $188,076.80.

57. Progressive made the payments to and on behalf of AANESTAD to protect its own interests.

58. Progressive did not act as a volunteer in making those payments to its insured, AANESTAD.

59. Progressive was not primarily liable for the debt to AANESTAD but paid the

8

entire debt.

60. Payment by Manufacturer to Progressive would not work any injustice for said payment.

## COUNT IV: NEGLIGENCE

61. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-33 of this Complaint.

62. SEA CAT owed AANESTAD a duty to use reasonable care when servicing and repairing the Boat.

63. SEA CAT breached its duty to use reasonable care by negligently servicing and repairing the Boat, specifically, by failing to properly repair the hull and/or other defects.

64. SEA CAT's failure caused the boat to sink resulting in extensive damages.

65. SEA CAT further breached its duty to use reasonable care when it failed to employ agents, servants, and/or employees with proper knowledge, training, and experience to perform installation, diagnosing, servicing, maintaining, and repairing services for the Boat.

66. SEA CAT further breached its duty to use reasonable care when it failed to adequately supervise and inspect the work performed by its contractors, employees, and/or agents.

67. SEA CAT further breached its duty when it failed to use due care under the circumstances when it negligently repaired the Boat.

68. As a direct and proximate cause of SEA CAT's negligence, AANESTAD was damaged when the Boat sank causing damages for which AANESTAD was liable.

69. As a result of the damage, Progressive ultimately bore costs of the damage to the Boat, pursuant to AANESTAD's Policy of Insurance with Progressive.

**EXHIBIT A**

70. The insurance coverage provided by Progressive was in effect at the time of the damage.

71. As a result, Progressive has made payments to and on behalf of AANESTAD totaling $188,076.80.

WHEREFORE, Plaintiff PROGRESSIVE EXPRESS INSURANCE COMPANY as subrogee of JEFFERSON AANESTAD respectfully requests that Judgment be entered in its favor and against Defendant SEA CAT BOATS, LLC in the amount of $188,076.80, plus all of Plaintiff's attorneys' fees and costs, and for such other or further relief as this Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff PROGRESSIVE EXPRESS INSURANCE COMPANY as subrogee of JEFFERSON AANESTAD hereby demands Trial by Jury in this matter for all matters so triable.

Respectfully submitted on this 13th day of April, 2022.

/s/ Joseph C. Proulx
Joseph C. Proulx, Esq.
Florida Bar No.: 0056830
**GOLDEN SCAZ GAGAIN, PLLC**
1135 Marbella Plaza Drive
Tampa, Florida 33619
Phone: (813) 251-5500
Fax: (813) 251-3675
jproulx@gsgfirm.com
*Attorneys for Plaintiff*

**EXHIBIT A**

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

PROGRESSIVE EXPRESS INSURANCE COMPANY ASO JEFFERSON AANESTAD

PLAINTIFF,

Vs.

CASE NO: **2022 CA 000710**
DIVISION: **E-CIVIL**

**SEA CAT BOATS, LLC**
DEFENDANT,

## SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint in the above styled cause upon the defendant **SEA CAT BOATS, LLC 4476 BEATLINE ROAD C/O CHARLES HENDERSON, REGISTERED AGENT LONG BEACH, MS 39560**

Each defendant is hereby required to serve written defenses to said complaint on

plaintiff's attorney(s), whose address is

**JOSEPH C PROULX**
**GOLDEN SCAZ GAGAIN PLLC**
**1135 MARBELLA PLAZA DRIVE**
**TAMPA, FL 33619**

within **20 days** after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Witness, my hand and the seal of this Court on this **18th day of April, 2022**

PAM CHILDERS
CLERK OF THE CIRCUIT COURT

By: _[signature]_
Deputy Clerk

\* Except when suit is brought pursuant to Section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to Section 768.28, Florida Statutes, the time to be inserted is 30 days.

CASUM2053P

**EXHIBIT A**

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA
CIVIL DIVISION

**PROGRESSIVE EXPRESS INSURANCE COMPANY**
       Plaintiff,                        CASE NO.:    **2022 CA 000710**

VS.                                                    DIVISION:    **E-CIVIL**

**SEA CAT BOATS, LLC**
       Defendant(s),

## AMENDED ORDER TO PLAINTIFF REGARDING REQUIRED REPORTING

THIS CAUSE, having come before the Court *sua sponte* upon the filing of this action and pursuant to First Judicial Circuit Administrative Order No. 2021-12, it is hereby,

ORDERED and ADJUDGED that the Plaintiff **shall** do the following:

1. Review and become familiar with First Judicial Circuit Administrative Order No. 2021-12 (Civil Case Management Plan).

2. Within 5 days of service of the complaint on the last of all named Defendants file a Notice of Final Service with the Court that includes the following:
    a. Notice that the last of all named Defendants to be served has been served and the date of said service.
    b. A proposal as to whether the case is complex under Fla. R. Civ. P. 1.201, streamlined, or general as defined in First Judicial Circuit Administrative Order No. 2021-12 and a statement as to whether the Defendant concurs in the proposed designation.

3. Upon filing the Notice of Final Service required in paragraph 2, the Plaintiff shall also send a copy of said Notice to the **assigned** Judge's Judicial Assistant via the Proposed Documents function of the ePortal.

4. Failure of the Plaintiff to strictly comply with this Order shall subject the Plaintiff to appropriate sanctions including, but not limited to, the striking of pleadings or dismissal of this action without prejudice.

**DONE AND ORDERED** in Chambers at Pensacola, Florida this 4th day of August, 2021

                                                                    /s/ Jan Shackelford

                                                                  JAN SHACKELFORD
                                                                   ADMINISTRATIVE JUDGE
                                                                   ESCAMBIA COUNTY

**EXHIBIT A**